EASTERN DIS.
*March*, 1833.
━━━━━
ERWIN
ET ALS.
*vs.*
JONES.

eration of it, we think it decidedly preponderates in favor of the plaintiffs.    It is established that Bavil is a place where it is customary to land goods situated as these were; that the goods, with some inconvenience and additional expense, might have been landed there safely, and preserved in safety. On this point, the verdict of the jury has great weight with us.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.

*Eustis*, for appellant.

*Slidell*, for appellee.

─────

### ERWIN ET ALS. *vs.* JONES.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF
PRESIDING.

A writ to sequester property under a mortgage which cannot yet be enforced, will not be issued where the affidavit states only that the plaintiff has a lien on the property.

The plaintiffs prayed for a sequestration of three slaves, mortgaged for their purchase money, alleging that the vendee has disposed of them to the defendant, in whose possession they now are.

The motion to dissolve the order of sequestration was sustained, and the plaintiffs appealed.

*Peirce*, for appellant.

1. The amendment to the *Code of Practice*, allows sequestration whenever the creditors has a lien or privilege.

2. The estate of Erwin is a privileged and mortgaged creditor, and has choice of remedy, either to proceed as against third possessor, or as against one having property on which they have a privilege and lien.

3. Joseph Jones became debtor to the heirs of Erwin, by the act between M'Nair Jones and Joseph Jones, and the petition should not have been dismissed.

*Burk* and *Davis,* for appellees.

1. The remedy by sequestration was improper, and is not sustained by the law. *Code of Practice.*

2. The suit was properly dismissed, as the plaintiffs' demand was not due.

PORTER, J. delivered the opinion of the court.

This case comes before us on an appeal from an interlocutory judgment of the court of the first instance, setting aside a writ of sequestration, which the plaintiffs had taken out on the inception of the suit.

The defendant is the third possessor of mortgaged property, and no ground is alleged for the sequestration, save that the plaintiffs have a lien on the property in the defendant's hands.

So the question raised is whether the rights of a mortgagee creditor, can be enforced by the writ resorted to in this case.

By one of the provisions of the 275th article of the *Code of Practice,* mortgaged property may be sequestered in case it is about to be removed out of the state before the mortgage can be enforced. The creditor is required to make oath of the facts which induce him to apply for the writ. *Code of Practice,* 275, *no.* 6. There has been no material change in our legislation since, which does away with the necessity of complying with the rule thus prescribed. In the present case, the plaintiff has wholly failed to bring himself within it. The affidavit does not state the slaves are about to be

ERWIN ET ALS.
*vs.*
JONES.

A writ to sequester property under a mortgage which cannot yet be enforced, will not be issued where the affidavit states only that the plaintiff has a lien on the property.

44

removed, nor make any allegation that there was any neces-
sity whatever for issuing the writ.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed with costs.